# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **HARTFORD LIFE INSURANCE AND ANNUITY INSURANCE COMPANY and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **TERRI LEE BROWN, DOUGLAS JUMPER, S.R., ARTHUR DOUGLAS JUMPER, JR., DOUGLAS JUMPER, III, LINDA MCCREARY, MICHAEL MCCREARY, DISTINCTIVE HOMES, INC., and J&J REALTY, LLC,** <br><br> **Defendants.** | 1:17-cv-131-WSD |

## OPINION AND ORDER

On February 14, 2017, Plaintiffs Hartford Life Insurance and Annuity Insurance Company and The Prudential Insurance Company of America ("Plaintiffs") filed their First Amended Complaint in Interpleader [1] ("First Amended Complaint").

The First Amended Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (First Am. Compl. ¶ 10). Federal courts

"have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

Plaintiffs' First Amended Complaint does not adequately allege diversity jurisdiction because it fails to identify the citizenship of Defendant J&J Realty LLC. The First Amended Complaint asserts that "J&J Realty, LLC is a Limited Liability Company organized under the laws of the State of Mississippi, with its principal place of business in Mississippi." (First Am. Compl. ¶ 9). This is insufficient because a limited liability company ("LLC") is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). "To sufficiently allege the citizenships of [an LLC], a party must list the citizenships of all the members of the limited liability company." Id.

Plaintiffs also fail to allege the citizenship of Defendant Douglas Jumper III. For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

Plaintiffs are required to file an amended complaint properly alleging the citizenship of Defendants Douglas Jumper III and J&J Realty LLC. Plaintiffs may,

in their amended complaint, "add newly-identified defendants Don Carrier and Michael Kennedy as well as . . . add 28 U.S.C. § 1335 as an additional basis for subject matter jurisdiction." ([27] at 2).[1]  Unless Plaintiffs file the amended complaint required by this Order, the Court must dismiss this action for lack of subject matter jurisdiction.  See Travaglio, 735 F.3d at 1268-69 (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs shall file, on or before May 15, 2017, an amended complaint properly alleging the citizenship of Defendants Douglas Jumper III and J&J Realty LLC.  Plaintiffs may, in their amended complaint, "add newly-identified defendants Don Carrier and Michael Kennedy as well as . . . add 28 U.S.C. § 1335 as an additional basis for subject matter jurisdiction." ([27] at 2).  Failure to file the amended complaint required by this Order will result in dismissal of this action.

---

[1]  On April 5, 2017, Plaintiffs moved to add this information to their complaint.  ([27]).  Defendant Terry Lee Brown consented to Plaintiffs' motion, and the remaining Defendants did not file a response.  ([31]); see LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion").

**SO ORDERED** this 2nd day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE