IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>TERRI LEE BROWN, as natural guardian & next friend of G.L.L., a minor, DOUGLAS JUMPER, SR., an individual and co-trustee of the Martha Y. Jumper Revocable Trust, ARTHUR DOUGLAS JUMPER, JR., an individual and co-trustee of the Martha Y. Jumper Revocable Trust, DOUGLAS JUMPER, III, an individual, LINDA MCCREARY, an individual, MICHAEL MCCREARY, an individual, DISTINCTIVE HOMES, INC., a Mississippi corporation, J&J REALTY, LLC, a Mississippi Limited Liability Company, DON CARRIER, MICHAEL KENNEDY, C.O. CONNELLY & ASSOC.,<br><br>Defendants. | 1:17-cv-131-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendants Douglas Jumper, Sr.,

Arthur Douglas Jumper, Jr., Douglas Jumper, III, Linda McCreary, Michael

McCreary, Distinctive Homes, Inc., and J&J Realty, LLC's (together, the "Jumper Defendants") Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Stay this Interpleader Action [26] ("Motion to Dismiss or Stay"), Defendant Terri Lee Brown's ("Brown") "Motion to Stay Response to Jumper's Motion to Dismiss and for an Extension of Time to File Response to Motion to Dismiss and for Entry of an Order Restraining the Jumpers from Prosecution of Frivolous Litigation and for Expedited Hearing" [32] (Brown's "April 2017 Motion"), Plaintiffs Hartford Life and Annuity Insurance Company ("Hartford") and The Prudential Insurance Company of America's (Prudential") (together, "Plaintiffs") Motion for Interpleader Deposit and Dismissal [40], and Brown's Motion for Stay or, Alternatively, for Extension to Respond to Motion for Dismissal [53] (Brown's "May 2017 Motion").

## I. BACKGROUND

On August 5, 2011, Hartford issued a life insurance policy (the "Policy") to Gaylon Wayne LaBoa (the "Insured"). (Sec. Am. Compl. ¶ 17). Prudential was appointed as the Policy administrator. (Sec. Am. Compl. ¶ 19). On August 10, 2011, the Insured designated his child, G.L.L., as the Policy's beneficiary. (Sec. Am. Compl. ¶ 18).

On September 25, 2016, the Insured died and a $3 million death benefit (the "Death Benefit") became payable under the Policy, subject to Prudential's receipt of the Insured's death certificate. (Sec. Am. Compl. ¶¶ 20-21). On September 26, 2016, the Insured's insurance agent contacted Hartford to make a claim, on behalf of G.L.L., to the Death Benefit. (Sec. Am. Compl. ¶ 22). On November 14, 2016, Hartford received a letter from the Atlanta Lawyer Group, on behalf of unnamed investors, requesting that Hartford "not pay any claim on any life insurance policy that is payable on the death of Gaylon Wayne LaBoa." ([58.3]). The letter stated that the unnamed investors were victims of a Ponzi scheme operated by the Insured, that their investment funds were used to pay for the Insured's life insurance policies, and that the investors are entitled, "ahead of any other named beneficiaries," to the death benefits payable under the insurance policies. ([58.3]). The Atlanta Lawyer Group refused to reveal the identity of the investors. (Sec. Am. Compl. ¶ 24).

On January 12, 2017, Plaintiffs filed their Complaint in Interpleader [1], naming G.L.L. and Does 1-50 as defendants, and asking the Court to determine to whom the Death Benefit should be paid. (Compl. ¶ 16). The next day, the Jumper Defendants filed a Mississippi state court action (the "Mississippi Action") against (1) Hartford, (2) dissolved limited liability companies organized by the Insured

(the "LaBoa LLCs"), (3) "unknown insurance companies" that issued life insurance policies purchased with funds fraudulently obtained from the Jumper Defendants by the Insured, and (4) unknown beneficiaries of life insurance policies purchased with funds fraudulently obtained from the Jumper Defendants by the Insured. ([58.4]). The Mississippi Action alleges that the Insured, through the LaBoa LLCs, operated a ponzi scheme in which he fraudulently induced the Jumper Defendants to invest funds. The Mississippi Action further alleges that the Insured used these funds to purchase life insurance policies from Hartford and other insurance companies. ([58.4] ¶¶ 61-65). The Jumper Defendants assert claims, under Mississippi state law, against the LaBoa LLCs for securities fraud, rescission and unjust enrichment. The Jumper Defendants also seek, under Mississippi's Uniform Fraudulent Transfer Act, to void the funds transfers from the Insured to Hartford, and to impose a constructive trust or equitable lien, in favor of the Jumper Defendants, over the funds and any items purchased with the funds. ([58.4] ¶ 70).

On February 14, 2017, Plaintiffs filed their First Amended Complaint in Interpleader [3], adding the Jumper Defendants as named defendants in this action. On February 15, 2017, Hartford removed the Mississippi Action to the District Court for the Northern District of Mississippi. See Jumper et al. v. Crimson

Financial Group, LLC, et al., No. 1:17-cv-25-SA-DAS (N.D. Miss. Feb. 15, 2017). On February 22, 2017, Hartford filed, in the Mississippi Action, a motion to dismiss the action or transfer the action to this Court on the grounds that Plaintiffs' Complaint was filed before the Mississippi Action and the cases "share the same underlying facts, overlapping issues and substantially the same parties" (the "Motion to Transfer"). Id. On March 17, 2017, the Jumper Defendants filed, in the Mississippi Action, a motion to remand the action to state court. The Mississippi district court has not ruled on the motion to remand or the motion to dismiss or transfer.

On March 29, 2017, the Jumper Defendants filed their Motion to Dismiss or Stay, seeking to dismiss this action for lack of personal jurisdiction or to stay this action pending conclusion of the Mississippi Action. On April 12, 2017, Brown filed her April 2017 Motion, requesting, among other things, an extension of time to respond to the Jumper Defendants' Motion to Dismiss or Stay, and an order "precluding the Jumpers from continued prosecution of the frivolous litigation they have filed in Mississippi." ([32] at 2). On April 21, 2017, Plaintiffs filed their Motion for Interpleader and Dismissal, seeking to deposit the Death Benefit funds

with the Clerk of Court.[1] On May 5, 2017, Brown filed her May 2017 Motion, requesting the Court to defer ruling on, or grant Brown an extension of time to respond to, Plaintiffs' Motion for Interpleader and Dismissal.[2] On May 15, 2017, Plaintiffs filed their Second Amended Complaint in Interpleader [58], adding Don Carrier, Michael Kennedy, and C.O. Connelly & Associates, LLC as named defendants, and adding 28 U.S.C. § 1335 as an additional basis for subject matter jurisdiction.

## II. DISCUSSION

The motions currently pending before the Court were filed before the Second Amended Complaint was filed in this action. In view of this newly filed Complaint, the Court denies as moot the Jumper Defendants' Motion to Dismiss or Stay, Brown's April 2017 and May 2017 Motions, and Plaintiffs' Motion for Interpleader Deposit and Dismissal. See Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); Gulf Coast Recycling, Inc. v. Johnson Controls, Inc., No. 8:07-cv-2143, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008) ("An amended complaint completely supersedes the original complaint, and

---

[1] Although Plaintiffs' motion also includes requests for additional relief, Plaintiffs withdrew these requests in their reply brief. (See [60] at 3-4; [61] at 3-4).
[2] On May 8, 2017, Brown amended her May 2017 Motion. ([55]).

6

once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint. The filing of the amended complaint renders Defendants' earlier filed Motion to Dismiss moot." (citation omitted)).[3,4]

The Court also considers the impact of the Mississippi Action on the processing of this case. The cases involve overlapping facts, issues, and parties. Currently pending in the Mississippi Action is Hartford's motion to dismiss the action or transfer the action to this Court. Also pending in the Mississippi Action is the Jumper Defendants' motion to remand the action to state court. The Mississippi district court's resolution of these motions likely will affect the processing of this case. The Court, having weighed these considerations, finds that a limited stay is appropriate in this action. The stay will apply to Plaintiffs' request

---

[3] Brown's April Motion also is required to be denied because Brown failed to attach supporting affidavits or a memorandum of law, in violation of Local Rule 7.1(A)(1). See Transamerica Life Insurance Company v. Brown et al., No. 1:16-cv-4216-MHC (N.D. Ga. Apr. 24, 2017) (dismissing Brown's motions for judgment on the pleadings because she violated Local Rule 7.1(A)(1)); Regions Bank v. Pearlman, No. 1:06-cv-2868, 2007 WL 521910, at *1 (N.D. Ga. Feb. 15, 2007) (denying a motion to dismiss for failure to comply with Local Rule 7.1(A)(1)).

[4] Plaintiffs' motion to deposit the Death Benefit funds with the Clerk also is required to be denied as premature. Defendants Don Carrier, Michael Kennedy, and C.O. Connelly & Associates, LLC have not appeared in this action or been served with process, and thus have not received the "notice" required by Federal Rule of Civil Procedure 67(a) or otherwise been given an opportunity to contest Plaintiffs' request. Fed. R. Civ. P. 67(a); (see [60] at 3).

to deposit the policy proceeds into the registry of the Court. That request is one commonly honored in our Court. Considering the overlapping actions in the Georgia and Mississippi federal courts, it makes sense to deny the request to tender the proceeds until the Court resolves how and where the litigation will proceed. When the pending motions in Mississippi are resolved, the Court will hold a status conference to set a schedule for further processing of the case pending here.[5]

Accordingly, this case will be stayed pending the Mississippi district court's resolution of the motion to remand and the motion to dismiss or transfer. See Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A., 377 F.3d 1164, 1172 n.7 (11th Cir. 2004) ("[A] district court . . . retains the inherent authority to issue a stay for the purposes of managing its own docket."); see also Life Ins. Co. of N. Am. v. Williams, No. 1:15-cv-62, 2015 WL 10961833, at *3 (N.D. Ga. May 22, 2015) ("District courts enjoy the authority to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants."). The parties are required to notify the Court

---

[5] The Court will contact Judge Sharion Aycock, who is presiding over the case pending in the Northern District of Mississippi, to tell her that this Order was entered and to discuss the schedule for further processing of these cases.

8

when the motions have been resolved. When that is done, a status conference will promptly be scheduled.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Jumper Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Stay this Interpleader Action [26] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant Terri Lee Brown's "Motion to Stay Response to Jumper's Motion to Dismiss and for an Extension of Time to File Response to Motion to Dismiss and for Entry of an Order Restraining the Jumpers from Prosecution of Frivolous Litigation and for Expedited Hearing" [32] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Interpleader Deposit and Dismissal [40] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant Terri Lee Brown's Motion for Stay or, Alternatively, for Extension to Respond to Motion for Dismissal [53] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending resolution of the Jumper Defendants' motion to remand, and Hartford's motion to

dismiss or transfer, currently pending in <u>Jumper et al. v. Crimson Financial Group, LLC, et al.</u>, No. 1:17-cv-25-SA-DAS (N.D. Miss. Feb. 15, 2017). The parties shall notify the Court when the motions have been resolved.

**SO ORDERED** this 9th day of June, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE