**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

_____

|  |  |  |
|---|---|---|
| HARTFORD LIFE AND ANNUITY INSURANCE COMPANY and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) ) | Case No. l:17-cv-00131-WSD |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| TERRI LEE BROWN, as natural guardian & next friend of G.L.L, a Minor, DOUGLAS JUMPER, SR. an Individual and Co-trustee of the Martha Y. Jumper Revocable Trust, ARTHUR DOUGLAS JUMPER, JR., an Individual and Co-trustee of the Martha Y. Jumper Revocable Trust, DOUGLAS JUMPER III, an Individual, LINDA MCCREARY, an Individual, MICHAEL MCCREARY, an Individual, DISTINCTIVE HOMES, INC., a Mississippi Corporation, J&J REALTY LLC, a Mississippi Limited Liability Company, DON CARRIER, an Individual, MICHAEL KENNEDY, an Individual, and C.O. CONNELLY & ASSOCIATES, LLC, a Georgia Limited Liability Company. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO QUASH THIRD-PARTY SUBPOENA**

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 45(d)(3), Plaintiffs Hartford Life and Annuity Insurance Company ("Hartford") and The Prudential Insurance Company of America ("Prudential") (together, "Plaintiffs"),[1] by its undersigned counsel, respectfully submits this memorandum of law in support of its Motion to Quash the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION, dated April 26, 2018, served upon Non-Party DXC Technology Services, Inc. ("DXC") by Defendant Terri Lee Brown, as next friend and natural guardian of G.L.L., a minor ("Brown"), attached hereto as **Exhibit A** (the "Subpoena").

Plaintiffs filed this Interpleader Action seeking to deposit $3,000,000.00 in proceeds (the "Death Benefit") in connection with individual life insurance policy number LT4956327 (the "Hartford Policy"), which became payable as a result of the death of Gaylon Wayne LaBoa (the "Insured"). The Defendants herein have asserted adverse claims to the Death Benefit.

Hartford and Prudential have stated in every pleading filed in this case that Hartford issued the Policy and that Prudential subsequently became the

---

[1] Hartford issued the Policy that is the subject of this action, and Prudential subsequently became the administrator of the Policy.

administrator of the Policy. DXC is Prudential's third-party administrator in connection with and record keeper for the Hartford Policy (as well as other Policies). DXC performs clerical, non-discretionary ministerial services in connection with the administration of Plaintiffs' life insurance business and thus its role is completely irrelevant to this litigation.

Brown has improperly served DXC with a Third-Party Subpoena in order to circumvent Plaintiffs' legitimate objections to Brown's recent discovery demands, which are part of Brown's unjustified fishing expedition in an attempt to manufacture evidence for her frivolous and unsupported counterclaims against Plaintiffs in this action. The Subpoena seeks (1) information already provided by Plaintiffs; (2) information requested by Brown but objected to by Plaintiffs; and (3) information that should be sought as follow up requests to Plaintiffs' discovery responses, but which Brown clearly anticipates objection to.

As argued below, the Subpoena should be quashed on the grounds that: (1) it imposes undue burden and is unreasonably cumulative and duplicative, as the information requested has already been obtained from Plaintiffs, with the assistance of DXC, through normal party discovery, which is more convenient, less burdensome and less expensive in violation of Rule 26(b)(2)(C)(i); (2) it requires the production of documents that are outside the scope of permissible

discovery and unrelated to any party's claims or defenses in this action as set forth in Rule 26(b)(1); (3) it subjects DXC and Plaintiffs to undue burden in violation of Rule 45(d)(3)(A)(iv) as it requires both DXC and Plaintiffs to respond and object twice to the same set of discovery demands; (4) it requires disclosure of confidential and proprietary business information in violation of Rule 45(d)(3)(A)(iii); and (5) it requires compliance beyond the 100 mile geographic limit in violation of Rule 45(c) and 45(d)(3)(A)(ii).

## CONTEXT OF THIS LITIGATION

The scope of discovery sought by Brown from Plaintiffs, both in party discovery and pursuant to third-party subpoena, is wasteful, unnecessary and completely inappropriate in the context of what is at its core a simple interpleader. While Brown's lawyers continuously highlight the disadvantaged financial status of Brown in her pleadings and correspondence to the undersigned and other parties, they inexplicably continue to generate endless, wasteful and costly litigation.

The assertion by Brown that this interpleader was commenced by Plaintiffs with nefarious intent against Brown is simply illogical. Plaintiffs, as neutral parties with no interest in the proceeds of the life insurance policy at issue in this action (except to make a claim for attorneys' fees, including but not limited to in connection with this motion to quash), have only sought to deposit the death benefit with the Court and be

dismissed from the action.  Plaintiffs' purpose in filing this interpleader was not only to protect itself from multiple liability with respect to the Death Benefit, but also to preserve the Death Benefit on behalf of whomever this Court determines is the rightful beneficiary.

## RELEVANT FACTS

On April 20, 2018, Hartford and Prudential each served their objections and responses to Brown's Requests to Admit, Interrogatories and Requests for Production ("Brown's Discovery Requests").  (ECF Doc. Nos. 114-3, 152). Plaintiffs produced 452 pages of documents and recordings.  In her Discovery Requests, Brown sought detailed information regarding Prudential's assumption of the role of administrator of the Policy, which was originally issued by Hartford.  Although this information is completely irrelevant to the core issue of this interpleader action, *i.e.* which of the adverse claimants is entitled to the Death Benefit, in their discovery responses Plaintiffs provided some additional information on this topic.

Hartford issued the Policy in 2011.  Plaintiffs have explained that in or about January 2013, Prudential completed the acquisition of the Life Insurance Division business of The Hartford's Financial Services Group, Inc. in a reinsurance transaction, pursuant to which Hartford's issuing companies continued to be the

named insurers on the policies and Prudential became administrator of the policies. Pursuant to the transaction, Prudential assumed responsibility for administering the Hartford policies, including the Hartford Policy at issue in this case. This transaction was public knowledge and well-advertised, and all owners of the Hartford policies, as well as the agents and producers of those policies, were notified that Prudential had become the administrator of the policies. As disclosed by Plaintiffs, Prudential assumed responsibility for receiving premiums, processing claims and providing customer service and administration for the policies, including the Policy at issue in this case. In March of 2015, Prudential, as is customary for large companies, entered into an agreement with DXC to become the third-party administrator of its products, which included the processing of routine claims.

As previously noted, DXC performed clerical services in connection with the administration of the claims to the Hartford Policy. As third-party administrator, one of DXC's responsibilities is to maintain policy records. As such, when Plaintiffs produced documents and information in response to Brown's Discovery Requests, those documents were obtained through DXC as third-party administrator of the Policy.

## ARGUMENT

Federal Rule of Civil Procedure 45(d)(3)(A) provides that, upon timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i)  fails to allow a reasonable time to comply;

(ii)  requires a person to comply beyond the geographical limits specified in Rule 45(c)(2);

(iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)  subjects a person to undue burden.

Rule 45(d)(3)(B) also provides that the Court may quash a subpoena to "protect a person subject to or affected by the subpoena."

**A.    This Court Has Jurisdiction to Quash the Subpoena.**

The court for the district where compliance is required has jurisdiction to quash a subpoena. Rule 45(d)(3)(A).  Generally, courts look to the subpoena to determine where compliance is required. *Pravin Patel, et al. v. Chandrakant Bhakta, et al.*, No. 1:15-CV-562-MHC-ECS, 2015 WL 12159208, at *2 (N.D. Ga. Apr. 29, 2015). Exhibit A to the Subpoena provides that the documents may be hand-delivered to 12600 Deerfield Pkwy, Suite 100, Alpharetta, GA 30004. Alpharetta is located in Fulton County, which is within the jurisdiction of the

United States District Court for the Northern District of Georgia.  Accordingly, this Court has jurisdiction to quash the Subpoena.

**B.      The Motion to Quash is Timely.**

DXC was served with the Subpoena on April 27, 2018. Thus, this motion is timely as it is filed within the 14-day period required to file objections by Rule 45(d)(2)(B), as well as the 14-day period set by Brown to respond to the Subpoena.

**C.      Plaintiffs Have Standing to Move to Quash the Subpoena.**

A party to a lawsuit has standing to seek to quash a non-party subpoena if that party has a "personal right or privilege in the subject matter requested in the subpoena." *Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir. 1979)*; Bahrami v. Maxie Price Chevrolet-Oldsmobile Inc*., No. 1:11-CV-4483-SCJ-AJB, 2013 WL 3800336, at *2 (N.D. Ga. June 19, 2013).  Plaintiffs are the owners of any and all information related to the Hartford Policy, the subject of this litigation.  Accordingly, Plaintiffs have a clear right and privilege in the subject matter of the Subpoena, as the documents sought in the Subpoena are either the direct property of Plaintiffs or concern information that DXC has access to only by virtue of its role as third-party administrator for Prudential.  DXC in fact has no right to, custody or control of the documents requested. *See, e.g., Infinite Energy, Inc. v. Thai Heng Chang,* No. 1:07-CV-23-SPM-AK, 2008 WL 11320142, at *4 (N.D. Ga. May 30, 2008) (Party to

lawsuit has standing to quash because the documents sought in third party subpoena are actually in the possession, custody, and control of the party, not the subpoena recipient.).

Moreover, Brown has already sought substantially the same discovery directly from Plaintiffs, some of which Plaintiffs have objected to as irrelevant and/or protected and privileged.  This Court has held that a defendant insurance company has standing to challenge a third-party subpoena where the opposing party has sought the same information directly from the defendant in the context of "a contested discovery dispute over disclosure of the documents sought in the subpoenas." *Melder v. State Farm Mut. Auto. Ins. Co.*, No. CIVA108CV1274RWSJFK, 2008 WL 1899569, at *2 (N.D. Ga. Apr. 25, 2008). In finding that that the defendant had standing to seek to quash the subpoena, the Court also agreed that "permitting the production of the documents from third-parties without allowing Defendants the opportunity to bring a motion to quash would effectively moot the discovery dispute between the parties…." *Id.* Accordingly, Plaintiffs have standing to move to quash the Subpoena to prevent the production of information that it has already objected to as not subject to discovery in this action.

9

**D.      The Subpoena Should Be Quashed Because it is Unreasonably Duplicative, Cumulative and Burdensome on DXC and Plaintiffs.**

Plaintiffs object to the Subpoena on the grounds that is unreasonably cumulative and duplicative, and that the information requested is obtainable from another source that is more convenient, less burdensome and less expensive in violation of Rule 26(b)(2)(C)(i).   As noted above, the Subpoena seeks (1) information already provided by Plaintiffs; (2) information requested by Brown but objected to by Plaintiffs; and (3) information that should be sought as follow up requests to Plaintiffs' discovery responses, but which Brown clearly anticipates objection to.

The information already produced by Hartford and Prudential in response to Brown's discovery requests in this litigation was obtained through and in cooperation with DXC, as third-party administrator.  DXC does not have access to any relevant information that cannot be obtained through the normal routes of party discovery from Hartford and Prudential.  If this motion to quash is denied, DXC and Plaintiffs would be required to provide a complete duplication of Plaintiffs' responses and objections to Brown's party discovery, which was answered by Plaintiffs with the assistance of DXC as third-party administrator. Moreover, the DXC Subpoena is nothing more than a transparent attempt at obtaining records and information that Plaintiffs have already asserted is not

10

discoverable under Rule 26 because it is completely unrelated to the claims and defenses of the parties.

**E.    The Subpoena Improperly Requires the Production of Documents that are Unrelated to Any Claim or Defense in This Litigation.**

Discussion of the scope of discovery allowed under a subpoena requires consideration of Rule 26.  *Bahrami*, 2013 WL 3800336, at *3.  Rule 26(b)(1) provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  A subpoena that "'sweepingly pursues material with little apparent or likely relevance to the subject matter . . . [runs the] risk of being found overbroad and unreasonable.'"  *Eades v. Chicago Title Ins. Co.,* No. 1:09-CV-3412-CAP-RGV, 2010 WL 11549829, at *4 (N.D. Ga. July 29, 2010) (quoting *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 50 (S.D.N.Y. 1996) (quoting *United States v. Int'l Bus. Machs. Corp.,* 83 F.R.D. 97, 106-07 (S.D.N.Y. 1979)).  "Although Rule 26 allows for very broad discovery, it is not an unlimited license for a fishing expedition."  *Pappillion v. Hyosung Motors Am., Inc.,* No. 1:07-CV-0900-BBM-RGV, 2008 WL 11335185, at *2 (N.D. Ga. Jan. 14, 2008) (citations omitted).

In addition to demanding information about the Hartford Policy, the Subpoena issued to DXC improperly demands documents regarding a life insurance policy issued by Transamerica Occidental Life Insurance Company (the "Transamerica Policy").

Transamerica is not a party to this action and the Transamerica Policy is not the subject of nor is it related to any party's claim or defense in this action.  The Subpoena also seeks information regarding DXC's and Plaintiffs' business agreements, contracts, employees, subsidiaries and agents, all of which are irrelevant to this litigation.  Where the party issuing the subpoena has only "speculative reasons" for seeking the records, "courts have granted motions to quash subpoenas."  *Bahrami*, 2013 WL 3800336, at *4.  Information about the Transamerica policy and DXC's and Plaintiffs' proprietary business information have no relevance to the fact that this interpleader was properly commenced due to adverse claims to the Death Benefit.  Brown's reasons for seeking this type of discovery appear to be related to her unjustified assertions that this interpleader was filed in bad faith.  However, Brown's bad faith claims are more than speculative – they are completely unsupported and simply illogical.

**F.     The Subpoena Requests are Overly Broad.**

This Court has held that where a subpoena fails to limit requests to the claims or defenses of any party in the suit, in an attempt to gain "unrestricted access" to a party's records, it "would permit defendants to engage in a fishing expedition."  *Pappillion*, 2008 WL 11335185, at *4; *see also Smith v. Pefanis,* No. 1:08-CV-1042-JOF-RGV, 2008 WL 11333335, at *3 (N.D. Ga. Oct. 30, 2008).  The Requests in the Subpoena are so broad and sweeping in scope that they would

be extremely onerous or even impossible to comply with.  For example, the use of terms such as "all" documents related to the policies, "all persons" who have a "connection" with the policies, or "all databases" would require the production of potentially thousands of unresponsive and irrelevant documents.  Such requests are oppressive and harassing for DXC and Plaintiffs, and would not reasonably lead to the production of information relevant to this lawsuit.

**G.    The Subpoena Improperly Requires the Disclosure of Privileged and Confidential and Proprietary Business Information Unrelated to This Litigation.**

Plaintiffs object to the Subpoena on the grounds that it requires production of documents that are attorney work product, documents subject to attorney/client privilege and confidential and proprietary business information in violation of Rule 45(c)(2)(A) and 45(d)(3)(A)(iii).  For example, the Subpoena improperly seeks attorney correspondence, confidential business agreements, and the disclosure of personal and confidential information of employees, agents and associates.  Requests for this type of information are vexatious and a clear misuse of Rule 45 in order to obtain protected and confidential information Brown is not entitled to.

**H.    The Subpoena Requires the Production of Documents at a Location that is More than 100 miles from Where DXC Regularly Transacts Business.**

Federal Rule of Civil Procedure Rule 45(d)(3)(A)(ii) provides that a district court must quash or modify a subpoena that requires compliance beyond the

geographic limits set by Rule 45(c).  Rule 45(c)(2)(A) provides that the place of compliance for the production of documents must be at a "place within 100 miles of where the person resides, is employed, or regularly transacts business."  DXC's regular place of business is 1775 Tysons Blvd., Tysons, VA 22102.  The Subpoena requires the documents be produced at 12600 Deerfield Pkwy, Suite 100, Alpharetta, GA 30004, which is more than 100 miles distance from DXC's regular place of business in Tysons, VA.  On these grounds alone, the Subpoena should be quashed.

**CONCLUSION**

For all of the foregoing reasons, the Subpoena should be quashed.

Dated: May 11, 2018

Respectfully submitted,

BUTLER SNOW LLP

*/s/ James A. Beakes III*
James A. Beakes III, GA Bar #043805
The Pinnacle at Symphony Place
150 3rd Avenue South
Suite 1600
Nashville, Tennessee 37201
Tel: 615-651-6700
Fax: 615-651-6701
Jim.beakes@butlersnow.com
*Counsel for Plaintiffs Hartford Life and*
*Annuity Insurance Company and The*
*Prudential Insurance Company of America*

## **CERTIFICATION**

Pursuant to Local Rule 7.1(D), I hereby certify that this Memorandum of Law in Support of Motion to Quash Third-Party Subpoena has been prepared with Times New Roman 14 point font, as provided under Local Rule 5.1(C).

This 11th day of May, 2018.


By:    */s/ James A. Beakes III*
                James A. Beakes III

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2018, I electronically filed this Memorandum of Law in Support of Motion to Quash Third-Party Subpoena using the CM/ECF system which will automatically send email notification of such filing to any attorneys of record in this action.

By:    */s/ James A. Beakes III*
        James A. Beakes III