IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HARTFORD LIFE AND
ANNUITY INSURANCE
COMPANY and THE
PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
Plaintiffs,

Case No. 1:17-CV-0131-MLB

v.

TERRI LEE BROWN AS
NEXT FRIEND OF MINOR GLL,
et al
Defendants.

&

TRANSAMERICA LIFE INSURANCE
COMPANY
Plaintiff,

v.

Case No. 1:16-CV-4216-MLB

TERRI LEE BROWN et al
Defendants.

## **ORDER**

The parties have submitted a consent motion to approve the settlement in the two above-styled cases, <u>Hartford Life and Annuity Insurance Company, et al v. Brown, et al</u>, 1:17-CV-0131-MLB, and <u>Transamerica Life Insurance Company v. Brown, et al</u> 1:16-CV-04216-MLB. These cases arise out of competing claims against the proceeds of two life insurance policies issued by Transamerica and Hartford, respectively, which insured Gaylon Wayne Laboa who died September 25, 2016. Because of the competing claims, both Transamerica and Hartford filed statutory interpleader and deposited the proceeds of their policies into the Court Registry.

Terry Lee Brown claimed proceeds of the Transamerica policy as beneficiary of record, Michael Kennedy as beneficiary in reliance on representations by the decedent, and the Defrauded Parties[1] as victims

---

[1] The "Defrauded Parties" are Douglas Jumper, Sr., an individual and co-trustee of the Martha Y. Jumper Revocable Trust, Arthur Douglas Jumper, Jr., an individual and co-trustee of the Martha Y. Jumper Revocable Trust, Douglas Jumper, Jr. an individual, Douglas Jumper III, an individual, Linda McCreary, an individual, Michael McCreary in individual, Distinctive Homes, Inc., a Mississippi Corp., J&J Realty LLC, a Mississippi LLC, Don Carrier, an individual, Michael Kennedy, an individual, Chris Connelly, an individual, and C.O. Connelly & Associates, LLC, a Georgia LLC.

of a Ponzi scheme allegedly orchestrated by the decedent.

Claims to proceeds of the Hartford policy were made by Terry Lee Brown, as next friend, natural mother and conservator of minor, GLL, the beneficiary of record, and the Defrauded Parties, as victims of a Ponzi scheme allegedly orchestrated by the decedent.

The Defrauded Parties expressly maintain that the $2 million settlement payment of life insurance proceeds to be paid to the Defrauded Parties is supported by valuable consideration, because the Defrauded Parties gave over $6 million to Gaylon Wayne LaBoa, Crimson Financial and Crimson Trading, some of which they maintain he used to buy the policies at issue, and a release of the Defrauded Parties' claims against the Brown Parties. The Brown Parties maintain that Terry Brown was the beneficiary of the Transamerica policy and that GLL was beneficiary of the Hartford policy. The disbursement of life insurance proceeds separately to the Brown Parties and the Defrauded Parties under this Order is valuable consideration for the release of all claims alleged by the respective parties in support of these claims and in regard to all crossclaims.

After engaging in highly contested litigation for approximately

three years, the Court ordered the parties to mediate both cases before Magistrate Judge Clay Fuller. The parties have now reached a global settlement of all claims in both cases, which is contingent on approval by the Fulton County Probate Court where a conservatorship for the minor, GLL has been opened. The settlement, however, must first be approved by this Court where the action is pending. Under section 29-3-3(e) of the Georgia Code Annotated, "[t]he natural guardian or conservator shall not be permitted to dismiss the action and present the settlement to the court for approval without the approval of the court in which the action is pending."

The settlement terms the parties reached in the two lawsuits pending before this Court are fair, just, and reasonable under the circumstances and the settlement is in the best interests of the parties and the minor child.

Pursuant to section 29–3–3, this Court hereby **APPROVES** the global settlement of these two related actions on the terms reached by the parties through mediation and grants the parties' Consent Motion to Approve the global settlement in <u>Hartford Life and Annuity Insurance Company, et al v. Brown, et al</u>, 1:17-CV-0131-MLB, and <u>Transamerica</u>

<u>Life Insurance Company v. Brown, et al</u>, 1:16-CV-04216-MLB, and **ORDERS**:

1. Within ten (10) business days from the entry of this Order, Terry Lee Brown, as next friend, natural mother and conservator for GLL (Brown/GLL), shall move the Fulton County Probate Court (Probate Court) for approval of this global settlement (attaching the present consent motion and approval as exhibits thereto) and provide copies to all parties to the global settlement. Brown/GLL shall diligently and without delay take all necessary steps to expedite a hearing on the motion for approval of the global settlement by the assigned Fulton County Probate Court judge in good faith.

2. Within five (5) business days from the entry of an order on the motion to approve the global settlement filed in the Probate Court, Brown/GLL shall file the order with this Court in both cases. Any other party may also file the Probate Court order if Brown/GLL fails to do so within five (5) days. If the Probate Court does not enter an order within thirty (30) days after the motion to approve is filed, Brown/GLL will apprise the other parties of the status of the pending motion and continue to update the parties every thirty (30) days until an order is entered.

3.  Upon the filing of the Probate Court's order approving the global settlement in both of the related actions, and ***without the need for further Order of this Court,*** the Financial Clerk of the Court is **ORDERED** to distribute the funds held in the Court Registry as follows.

   a. In **<u>Hartford Life and Annuity Insurance Company, et al v. Brown, et al</u>, 1:17-CV-0131-MLB,** the clerk is authorized and directed to draw and send check(s) on the funds on deposit plus accrued interest for funds on deposit, in the registry of this court in the amounts as follows:

   i. A check in the amount of $115,000.00 (payable from the principal deposited in interpleader) made payable to "Hartford Life and Annuity Company" and mailed to counsel Dierdre Connolly, Esq., d'Arcambal, Ousley & Cuyler Burk LLP 40 Fulton Street. Suite 1005 New York, NY 10038, as the global settlement paid to Hartford for fees and expenses.

   ii. A check in the amount of $2,000,000.00 (payable from the principal deposited in interpleader) made payable to "Sonn & Erez PLC Trust Account" and mailed to Jeffrey Sonn, Esq., Sonn Law Group, PA, 19495 Biscayne Blvd., Ste 607, Aventura, FL 33180 as the global settlement paid to the Defrauded Parties.

   iii. After deduction of all statutory user fees, a check for the balance of ALL remaining funds in the court registry in 1:17-CV-0131-MLB (all remaining principal plus all accrued interest in the fund after deduction of all

6

statutory fees) made payable to "Webb Sanders & Williams Trust Account" and mailed to P.O. Box 496, Tupelo, MS 38802-0496 as a portion of the global settlement paid to Brown/GLL.

b. In **Transamerica Life Insurance Company v. Brown, et al, 1:16-CV-04216-MLB,** the clerk is authorized and directed to draw and send check(s) on the funds on deposit plus accrued interest for funds on deposit, in the registry of this court in the amounts as follows:

   i. A check in the amount of $72,500.00 (made payable from the principal amount in interpleader) made payable to "Transamerica Life Insurance Company" and to be mailed to its attorney, H. Sanders Carter, Jr., Fox Rothschild LLP, 999 Peachtree Street, Suite 1500, Atlanta, Georgia 30309, as the global settlement paid to Transamerica for fees and expenses.

   ii. After deduction of all statutory user fees, a check for the balance of ALL remaining funds in the court registry in 1:16-CV-4216MLB (all remaining principal plus all accrued interest in the fund after deduction of all statutory fees) made payable to "Webb Sanders & Williams Trust Account" and mailed to P.O. Box 496, Tupelo, MS 38802-0496 as a portion of the global settlement paid to Brown/GLL.

4. From the global settlement funds held in the Webb Sanders & Williams Trust Account of $2,261.758.98, plus additional interest

accrued, the minor shall receive 75%, $1,696.319.29, and Brown 25%, $565,439.74, with any additional interest accrued through distribution being split between them in the same 75/25 ratio. The Court finds that the gross settlement amount which the minor is to receive is fair, just, and reasonable, and in the minor's best interest. Disbursements from the minor's gross settlement for attorney's fees and expenses shall be determined by the Fulton County Probate Court in the conservatorship proceeding. Counsel for the minor shall make such disbursements from its Trust Account as required by the Probate Court.

5. All parties shall be responsible for their own legal fees and expenses, and each party waives any and all claims for attorney fees and expenses against any other party for claims that were brought, or that could have been brought in each of the two referenced cases.

6. Upon disbursement of the funds as directed in this Order, each defendant shall be permanently restrained from instituting or prosecuting any other legal action in any State or United States Court against one another relating to the proceeds of the policies of insurance at issue herein, or against Transamerica pertaining to Policy No. 42504620 and against Hartford pertaining to Policy No. LT4956327. It

is further **ORDERED** that the Jumper Defendants are permanently restrained and enjoined from instituting or prosecuting any legal action against the Brown parties for any claim or cause of action in any way related to or arising from monies or property that Gaylon Wayne LaBoa allegedly misappropriated, stole, converted, improperly used, or otherwise wrongfully held or manipulated as a result of the alleged Ponzi scheme or other allegedly fraudulent conduct by LaBoa. It is further **ORDERED** that the Brown Parties are permanently restrained and enjoined from instituting or prosecuting any legal action against the Defrauded Parties for any claim or cause of action in any way related to any issues that were brought or that could have been brought in the Hartford and Transamerica cases.

7. Upon disbursement of the funds as directed in this Order, the Clerk of Court is **ORDERED** to provide a final accounting of all disbursements to the parties of record by filing the same of record in each case.

8. Effective upon disbursement as set out herein, Brown, Brown/GLL and the Defrauded Parties have agreed to mutually release and dismiss with prejudice any and all claims against one another.

9.   Upon disbursement of the funds as directed in this Order, and no objection to the accuracy of said disbursements being made within ten (10) calendar days (excluding holidays) of the receipt of the Clerk of Court's accounting as ordered herein, it is **ORDERED** that all pending motions in <u>Hartford Life and Annuity Insurance Company, et al v. Brown, et al</u>, 1:17-CV-0131-MLB, and <u>Transamerica Life Insurance Company v. Brown, et al</u> 1:16-CV-04216-MLB, are deemed **MOOT**, all claims of all parties in each of the two above styled cases are **DISMISSED WITH PREJUDICE**, and this Order shall be considered a Final Order fully resolving <u>Hartford Life and Annuity Insurance Company, et al v. Brown, et al</u>, 1:17-CV-0131-MLB, and <u>Transamerica Life Insurance Company v. Brown, et al</u>, 1:16-CV-04216-MLB.

The Court reserves jurisdiction to enter such other and further orders to enforce the parties' settlement and payments delineated in this Order.

**SO ORDERED** this  29th  day of October, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

TO THE COURT
It is hereby certified that rule 67 has been complied with and that there is on deposit in the Registry of this Court PRINCIPAL BALANCE OF $4,361,233.98 plus interest of $93,844.35 as of October 28th, 2019
Peter Gran
Deputy Clerk
Financial Intake Section