IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**HARTFORD LIFE AND ANNUITY**
**INSURANCE COMPANY and THE**
**PRUDENTIAL INSURANCE**
**COMPANY OF AMERICA,**
**Plaintiffs,**

v.                                            Case No. 1:17-CV-0131-MLB

**TERRI LEE BROWN AS**
**NEXT FRIEND OF MINOR**
**G.L.L., et al**
**Defendants.**

**&**

**TRANSAMERICA LIFE**
**INSURANCE COMPANY**
**Plaintiff,**

v.                                            Case No. 1:16-CV-4216-MLB

**TERRI LEE BROWN et al**
**Defendants.**

**AMENDED FINAL JUDGMENT APPROVING GLOBAL SETTLEMENT AND ORDERING DISBURSEMENT OF SETTLEMENT PROCEEDS, APPROVING GUARDIAN AD LITEM REPORT, AND DISMISSING CASE**

After review of the Guardian Ad Litem Report and Recommendations[1],

and upon the Parties' Consent Motion for entry of Final Judgment to Approve

---

[1] DE 218 in 16-CV-4216-MLB and DE 284 in 17-CV-0131-MLB.

Page **1** of **14**

and Disburse the proceeds in accordance with the Global Settlement and the recommendations of the Guardian Ad Litem, and noting the agreement of the parties, the Court ENTERS FINAL JUDGMENT under Rule 54(b) as follows:

    1.    These cases arise out of competing claims against the proceeds of two life insurance policies issued by Transamerica Life Insurance Company and Hartford[2], respectively, which insured Gaylon Wayne LaBoa who died September 25, 2016. Because of the competing claims, both Transamerica and Hartford filed interpleaders and deposited the proceeds of their policies into the Court Registry.

    2.    The parties settled the case during mediation[3] with US Magistrate Clay Fuller, wherein they agreed how to divide the life insurance proceeds. The Court thereafter issued Orders on October 29, 2019 approving a global settlement in accordance with O.C.G.A. § 29-3-3(e) and Ordered the cases fully resolved and provided for disbursement of the life insurance proceeds, and such other terms in these two cases, subject to approval of the Georgia Probate Court where a

---

[2] The term "Hartford" herein refers to the Hartford Life and Annuity Insurance Company which issued one of the subject life insurance policies, as well as the Prudential Insurance Company of America which later assumed Hartford Life and Annuity Insurance Company's obligations under said policy. This order is binding on both companies as if the same entity.

[3] August 14, 2019.

conservatorship for Minor GLL is pending.[4] The Court administratively closed the two cases on November 25, 2019, retaining jurisdiction to effectuate the terms of the Orders.[5]

3. After petitioning the Georgia Probate Court to approve the settlements, Mrs. Brown and the parties allege that they were advised by the Georgia Probate Court that O.C.G.A. § 29-3-3(e) allows this Court, as the trial court, to approve the settlements in all respects, including the details of disbursements to and from GLL, the minor, and all parties.

4. Subsequently, Mrs. Brown and the minor requested that a Guardian Ad Litem be appointed to make a review and issue recommendations to this Court concerning the settlement and distributions between Mrs. Brown and the minor, including payment of attorney's fees; notably, the actual or potential conflict-of-interest between the child and his mother/conservator, Mrs. Brown, per O.C.G.A. § 29-5-54, so that this Court may rule in accordance with said statute, concerning the child's share of the settlement, and to review and make a non-binding review and recommendation concerning the Global Settlement and division of money in the Court registry.[6]

5. The Guardian Ad Litem was appointed and provided her Report and

---

[4] DE 202 in 16-CV-4216-MLB and DE 267 in 17-CV-0131-MLB.
[5] DE 203 in 16-CV-4216-MLB and DE 268 in 17-CV-0131-MLB.
[6] DE 218 in 16-CV-4216-MLB and DE 284 in 17-CV-0131-MLB

Recommendations to the Court in substance recommending approval of the settlement, including the disbursements reached.[6] In addition, Mrs. Brown, in her individual and conservatorship capacity, has submitted her own affidavit in support of settlement approval and disbursement. Additionally, affidavits have been submitted by counsel for Mrs. Brown in both capacities substantiating the fee contract and the nature and amount of fees to be charged from the recovery to Minor GLL. Moreover, affidavits were submitted by counsel for Mrs. Brown and GLL, Dan W. Webb, Esq., Norma Carr Ruff, Esq., and supporting affidavits by experts Benjamin Griffith, Esq., and Lucas Andrews, Esq. These affidavits support approval of the global settlement, disbursements and the reasonableness of the attorney's fees, expenses and costs.

6. The Court has also reviewed the Report and Recommendation of the Guardian Ad Litem.[7] The Court hereby approves and adopts the Guardian Ad Litem's Report and Recommendation. Therefore, the global settlement and disbursement as set forth in the October 29, 2019 Orders[8], consistent with the Report and Recommendation of the Guardian Ad Litem, and in accordance with O.C.G.A. 29- 3-3(e), are found to be in the best interests of Minor GLL.

7. The Court finds that the mother and conservator for Minor GLL,

---

[7] DE 218 in 16-CV-4216-MLB and DE 284 in 17-CV-0131-MLB
[8] DE 202 in 16-CV-4216-MLB and DE 267 in 17-CV-0131-MLB

Terry Lee Brown, has fully disclosed the potential conflict of interest between her and her minor child per O.C.G.A. § 29-5-54. This Court finds that after disclosure and review by the independent Guardian Ad Litem, the Minor GLL's share of the settlement in the Disbursement as set out herein is in the best interest of Minor GLL, notwithstanding any potential conflict of interest between Terry Lee Brown and her minor child and ward, GLL.

8. The Court incorporates all findings of fact and law as set out in its Order in each case dated October 29, 2019, as if fully set out herein.[9] The terms of the Global Settlement and the included minor's settlement have not changed, and the parties agree upon all essential terms of the settlement, including disbursements as to the parties. No objection has been made to the disbursements of fees and expenses from the settlement funds as requested by Mrs. Brown and the Defrauded Parties (DPs), including those fees and costs that are agreed to be paid to Transamerica and Hartford. Mrs. Brown believes that the settlement is appropriate and in the best interests of Minor GLL, and the Court finds that the fees and expenses charged to the Minor GLL and Mrs. Brown were reasonable and necessary.

9. This Court, having jurisdiction of the subject matter and all parties, hereby approves the Global Settlement pursuant to Georgia law, finding, under

---

[9] DE 202 in 16-CV-4216-MLB and DE 267 in 17-CV-0131-MLB

the evidence and law, the same to be in the best interests of Minor GLL and further approves the disbursements including the attorney fees, costs and expenses.

10. Pursuant to the findings herein, the settlement between the parties, and the Guardian Ad Litem Report, the life insurance proceeds now on deposit with the clerk which came from the Hartford Life policy, number LT4956327, and from the Transamerica[10] policy, number 42504620, shall be paid to the beneficiaries/claimants named herein, and to Hartford and Transamerica, according to the instructions below.

11. ***Without the need for further Order of this Court***, the Financial Clerk of the Court is ORDERED forthwith to distribute the funds held in the Court Registry as follows:

    a. In <u>Hartford Life and Annuity Insurance Company, et al v. Brown, et al</u>, 1:17-CV-0131-MLB, the clerk is authorized and directed to draw and send check(s) on the funds on deposit plus accrued interest for funds on deposit, in the registry of this court in the amounts as follows:

---

[10] Transamerica Life Insurance Company's predecessor, Transamerica Occidental, issued policy number 42504620, a term life insurance policy, insuring the life of Gaylon Wayne LaBoa in the face amount of $1,000,000, effective September 8, 2008. However, subsequent to issuance of policy number 42504620, Transamerica Occidental merged with Transamerica Life Insurance Company which assumed the rights and obligations of Transamerica Occidental under the policy.

      i.      A check in the amount of $115,000.00 made payable to "The Prudential Insurance Company of America" and mailed to counsel Jodie Ousley, Esq., 283 Adelphi Street, Brooklyn, NY 11205, as the global settlement paid to Hartford/Prudential for fees and expenses.

      ii.      A check in the amount of $2,000,000.00 (payable from the principal deposited in interpleader) made payable to "Sonn & Erez PLC Trust Account" and mailed to Jeffrey Sonn, Esq., Sonn Law Group, PA, 19495 Biscayne Blvd., Ste 607, Aventura, FL 33180 as the global settlement paid to the Defrauded Parties.

      iii.      After deduction of all statutory user fees, a check for the balance of ALL remaining funds in the court registry in 1:17-CV-0131- MLB (all remaining principal plus all accrued interest in the fund after deduction of all statutory fees) made payable to "Webb Sanders & Williams Trust Account" and mailed to P.O. Box 496, Tupelo, MS 38802-0496 as a portion of the global settlement paid to Brown/GLL.

      b.      In <u>Transamerica Life Insurance Company v. Brown, et al</u>, 1:16-CV- 4216-MLB, the clerk is authorized and directed to draw and send check(s) on the funds on deposit plus accrued interest for funds on deposit, in the registry of this court in the amounts as follows:

      i.      A check in the amount of $72,500.00 made payable to

"Transamerica Life Insurance Company" and to be mailed to its attorney, H. Sanders Carter, Jr., Fox Rothschild LLP, 999 Peachtree Street, Suite 1500, Atlanta, Georgia 30309, as the global settlement paid to Transamerica for fees and expenses.

        ii.    After deduction of all statutory user fees, a check for the balance of ALL remaining funds in the court registry in 1:16-CV- 4216MLB (all remaining principal plus all accrued interest in the fund after deduction of all statutory fees) made payable to "Webb Sanders & Williams Trust Account" and mailed to P.O. Box 496, Tupelo, MS 38802-0496 as a portion of the Global Settlement paid to Brown/GLL.

        iii.    From the total proceeds of the Global Settlement funds disbursed and held in the Webb Sanders & Williams Trust Account which is estimated to be $2,261,758.98, to include interest accrued through October 11, 2019, plus all additional interest accrued the Court registry through the date of disbursement (after deduction of statutory Court Registry fees and expenses), Webb Sanders & Williams is ORDERED to disburse the funds as follows:

        iv.    Attorney fees, expenses, and costs payable to Webb Sanders & Williams for all remaining fees and costs in the two above-styled cases and all related actions and representation in an amount totaling $837,561.50, except as otherwise provided herein;

      v.      Attorney Fees, expenses and Costs payable to David Anton, Esq. in the amount of $22,554.00;

      vi.      $1,051,232.63 payable to Terry Brown, as Conservator for the Minor GLL;

      vii.      $350,410.87 payable to Terry Lee Brown; less $300 made payable to "THE ASHFORD LAW FIRM, LLC" and mailed to Dana C. Ashford, The Ashford Law Firm, LLC 201 Swanton Way, Decatur, GA 30030 as partial payment of the Guardian Ad Litem Fees and expenses and less any additional expense, statutory fees or cost chargeable to her under her attorney fee contract;

      viii.      The balance of any money and interest disbursed to the Webb Sanders & Williams Trust Account from the Court registry in the two cases (<u>Transamerica</u>16-CV-4216MLB and <u>Hartford</u>17-CV- 0131MLB) shall be paid to Terry Brown, as Conservator for Minor GLL, less any applicable fees and expense chargeable to any interest accrued since the last accounting on October 11, 2019.

      ix.      Any additional costs and expenses not specified in this Order shall be paid from the portion of the net settlement to be received by Terry Lee Brown and no such costs and expenses shall be paid from the portion of the net settlement to be received by Minor GLL.

12.      From its Trust Account, Sonn & Erez PLC shall pay $1,927.25 to the Guardian Ad Litem from the settlement funds received, to "THE ASHFORD

LAW FIRM, LLC" and mailed to Dana C. Ashford, The Ashford Law Firm, LLC 201 Swanton Way, Decatur, GA 30030 as partial payment for the Guardian Ad Litem Fees and expenses;

13. From its Trust Account, Webb Sanders & Williams shall pay $300.00 to the Guardian ad Litem from Terry Lee Brown's portion of the settlement funds to "THE ASHFORD LAW FIRM, LLC" and mailed to Dana C. Ashford, The Ashford Law Firm, LLC 201 Swanton Way, Decatur, GA 30030 as payment for the remaining balance of the Guardian Ad Litem Fees and expenses;

14. Other than as specified in this Order, all parties shall be responsible for their own legal fees, costs and expenses, and each party waives any and all claims for attorney fees and expenses against any other party for claims that were brought, or that could have been brought in each of the two referenced cases.

15. Upon disbursement of the funds as directed in this Order, each defendant shall be permanently restrained from instituting or prosecuting any other legal action in any State or United States Court against one another relating to the proceeds of the policies of insurance at issue herein, or against Transamerica pertaining to Policy No. 42504620 and/or against Hartford pertaining to Policy No. LT4956327. It is further ORDERED that the Defrauded Parties and their counsel are permanently restrained and enjoined from instituting or prosecuting any legal action against the Brown parties for any claim or cause of action in any way related

to or arising from monies or property that Gaylon Wayne LaBoa allegedly misappropriated, stole, converted, improperly used, or otherwise wrongfully held or manipulated as a result of the alleged Ponzi scheme or other allegedly fraudulent conduct by LaBoa. It is further ORDERED that the Brown Parties and their counsel are permanently restrained and enjoined from instituting or prosecuting any legal action against the Defrauded Parties for any claim or cause of action in any way related to any issues that were brought or that could have been brought in the Hartford and Transamerica cases.

16. Upon disbursement of the life insurance proceeds/funds as directed in this Order, the Clerk of Court is ORDERED to provide a final accounting of all disbursements to the parties of record by filing the same of record in each case.

17. Upon disbursement of the funds by the Financial Clerk as directed in this Order, and no objection to the accuracy of said disbursements being made within seven (7) calendar days (excluding holidays) of the receipt of the Clerk of Court's accounting as ordered herein, it is ORDERED and ADJUDGED that all pending motions in Hartford Life and Annuity Insurance Company, et al v. Brown, et al, 1:17-CV-0131-MLB, and Transamerica Life Insurance Company v. Brown, et al 1:16-CV-04216-MLB, are deemed MOOT; all claims of all parties which either were brought or could have been brought in each of the two above styled

cases are DISMISSED WITH PREJUDICE without further notice or order.[11]

18. In accordance with Rule 54, the Court finds that there is no just reason for delay and hereby certifies this Order is a FINAL JUDGMENT fully resolving in Hartford Life and Annuity Insurance Company, et al. v. Brown, et al., 1:17-CV-0131-MLB, and Transamerica Life Insurance Company v. Brown, et al., 1:16-CV-04216-MLB. This Court retains jurisdiction to enforce the terms of this Final Judgment and the terms of the settlement approved in both cases on October 29, 2019 at DE 218 in 16-CV-4216-MLB and DE 284 in 17-CV-0131-MLB. The Clerk of Court shall Close each Case finally in accordance with the Rules of Judicial Administration after the disbursements ordered herein are fully completed.

**SO ORDERED** this 15th day of July, 2020.

*[Stamp: TO THE COURT / It is hereby certified that Rule 67 has been complied with and that there is on deposit in the Registry of this Court PRINCIPAL BALANCE of $115,000.- plus interest of $____ as of July 15th 2020 / Deputy Clerk / Financial Intake Section]*

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[11] This order hereby finally dismisses Case 16-CV-04216-MLB and 17-CV-0131-MLB with prejudice, and renders moot all pending motions and requests for relief including but not limited to 1:16-CV-04216-MLB DEs 119, 147, 156, 157, 176, 181, 205, 208, 210, 212, 215, and 220, and in 1:17-CV-0131-MLB are DEs 90, 114, 123, 146, 186, 187, 188, 213, 219, 224, 226, 236, 270 274, 276, 278, 281, 285, and 287.

Proposed by:

| | |
|---|---|
| **Attorneys for Terry Lee Brown as next friend, natural guardian and conservator of GLL and for Terry Lee Brown Individually**<br><br>**/S Josh R. Daniel, Esq.**<br>WEBB SANDERS & WILLIAMS PLLC<br>363 North Broadway<br>Tupelo, MS 38802<br>P.O. Box 496<br>Tupelo, MS 38802<br>Telephone: (662) 844-2137<br>Facsimile: (662) 842-3863<br>Norma Carr Ruff, MS Bar No. 5721<br>Dan W. Webb, MS Bar No. 7051<br>Roechelle R. Morgan, MS Bar No. 100621<br>Josh R. Daniel, MS Bar No. 104275<br>jdaniel@webbsanders.com<br><br>BY: **/s/ David A. Anton, Esq.**<br>David A. Anton, P.C.<br>12600 Deerfield Pkwy, Suite 100<br>Alpharetta, GA 30004<br>(770) 777-8296<br>GEORGIA BAR NO. 020552<br>**daveanton@mindspring.com** | **Attorneys for DOUGLAS JUMPER, SR., an individual and co-trustee of the Martha Y. Jumper Revocable Trust, ARTHUR DOUGLAS JUMPER, JR., an individual and co-trustee of the Martha Y. Jumper Revocable Trust, DOUGLAS JUMPER, JR. an individual, DOUGLAS JUMPER III, an individual, LINDA McCREARY, an individual, MICHAEL McCREARY in individual, DISTINCTIVE HOMES, INC., a Mississippi Corp., J&J Realty LLC, a Mississippi LLC, DON CARRIER, an individual, MICHAEL KENNEDY, an individual, CHRIS CONNELLY, an individual, and C.O. CONNELLY & ASSOCIATES, LLC, a Georgia LLC.**<br><br>/S Jeffrey R. Sonn, Esq.<br>Jeffrey R. Sonn<br>Florida Bar No. 773514<br>Sonn & Erez, PLC<br>Biscayne Blvd, Ste 607<br>Aventura, FL 33180<br>jsonn@sonnerez.com<br>(954) 763-4700 Off. (954) 763-1866 Fax<br><br>/S Brian B. Pastor, Esq.<br>Brian B. Pastor, Esq.<br>Georgia. Bar. No. 565860<br>Atlanta Lawyer Group – Pastor, P.C.<br>3399 Peachtree St. NE, Ste 400<br>Atlanta, GA 30326<br>Bpastor@Tlawyer.com<br>404-607-7100 Office 404-607-7121 Fax |
| **Attorneys for Plaintiffs Hartford Life and Annuity Insurance Company and The Prudential Insurance Company of America**<br><br>/S/ James A. Beakes , III. | **Attorneys for the Defrauded Parties continued**<br><br>/S James D. Sallah, Esq.<br>James D. Sallah, Esq.<br>Florida Bar No. 0092584 |

| | |
|---|---|
| James A. Beakes III, Esq.<br>Georgia Bar #043805<br>BUTLER SNOW LLP<br>The Pinnacle at Symphony Place<br>150 3rd Avenue South, Suite 1600<br>Nashville, Tennessee 37201<br>615-651-6700<br>Jim.beakes@butlersnow.com<br><br>/s/ Deirdre A. Connolly, Esq.<br>Deirdre A. Connolly, Esq.<br>d'ARCAMBAL OUSLEY & CUYLER BURK LLP<br>40 Fulton Street, Suite 1005<br>New York, NY 10038<br>(212) 971-3175<br>(212) 971-3176 (fax)<br>dconnolly@darcambal.com | Joshua A. Katz, Esq.<br>Florida Bar No. 0848301<br>Sallah Astarita & Cox, LLC<br>3010 N. Miami Trail, Ste .210<br>Boca Raton, Florida 33431<br>(561) 989-9080 – Off. (561) 989-9020 Fax<br>jak@sallahlaw.com and<br>jds@SallahLaw.com<br><br>/S Walter Davis, Esq.<br>Walter Davis, Esq., MS Bar Number 9875<br>Dunbar Davis PLC<br>324 Jackson Ave E<br>Oxford, MS 38655<br>662-281-0001 Ext. 229 Off.<br>waltdavis@dunbardavis.com |
| **Attorneys for Plaintiff Transamerica Life Insurance Company**<br><br>s/ H. Sanders Carter, Jr.<br>H. Sanders Carter, Jr.<br>Georgia Bar No. 114100<br>FOX ROTHSCHILD LLP<br>999 Peachtree Street, Suite 1500<br>Atlanta, Georgia 30309<br>(404) 962-1000 – Telephone<br>(404) 962-1200 – Facsimile<br>scarter@foxrothschild.com | |